Hitchcock, C. J.
The original ease, which the complainant now seeks to have reviewed,-was commenced by the com *22 plainant against the present defendants, in the court of common pleas of Sandusky county, in which court a decree was entered in favor of the complainant. From this decree an appeal was taken by the defendant, Rhoda Rathbone, to the supreme court, and in the supreme court the bill was dismissed, at complainant’s cost.
The facts in the original case, as disclosed by the bill, answers, exhibits, and testimony, are substantially as follows: On the 24th of April, 1840, Lucius Rathbone, one of the defendants, was the owner of the west half of the north-west quarter of section 23, township 4, range 16, north, situate in the county of Sandusky, and being such owner, on the said 24th day of April, by deed of that date executed by himself and his wife, Rhoda Rathbone, who is also a defendant, conveyed the said premises to one Chaplin Rathbone. This deed, however, although signed, sealed, and acknowledged by the grantors, was attested by but one witness. It was duly recorded.
On the 27th day of July, 1841, Chaplin Rathbone and Lucinda, his wife, undertook to reconvey to Lucius Rathbone the west half of the premises, so as aforesaid conveyed by Lucius to himself, and also to convey to Rhoda Rathbone, wife of said Lucius, the east half of the same premises. In the deed of conveyance to Lucius, however, the premises were described as being part of the north-east quarter of section 23, instead of the north-west quarter.
On the 6th day of April, 1842, the complainant purchased for a valuable consideration, of Lucius Rathbone, the west half of the east half of said quarter section, and received from said Lucius a deed intended as a conveyance of the same. But in this latter deed the land is described as part of the north-east quarter of the section, whereas the land intended to be conveyed was a part of the north-west quarter.
There is no pretense in the case but that there was a mistake in the description of, the land in the two deeds last referred to. The fact is admitted by the defendants who *23 answered, and as to Lucius Rathbone the bill was taken as confessed, he having failed to answer.
On the second day of May, 1842, the defendant Rhoda Rathbone, filed in the supreme court of Sandusky county, against her husband, Lucius Rathbone, a petition for divorce, and at the July term of the court in the same year, obtained a decree, and also a decree for alimony to the amount of two thousand five hundred dollars.
The original bill in this case was filed in December, 1842, and during its pendency the defendant, Rhoda Rathbone, procured an execution to be issued upon her decree for alimony, had the same levied upon the land intended to have been conveyed by Lucius Rathbone to the complainant, and purchased the same at sheriff’s sale. This fact was brought before the court by a supplemental and amended bill.
In her answer, the defendant Rhoda charged that the conveyance to McLouth, the complainant, was made without consideration, and for the purpose of defrauding her, in her contemplated application for divorce and alimony. To sustain this charge, however, there was no evidence; but there was evidence tending to prove an arrangement between herself and husband, by which a division of property was made, she agreeing to take as her portion, the part of the quarter section conveyed to her by Chaplin Rathbone; and there was evidence tending to prove that she was willing that her husband should sell the land. Upon this point, however, the testimony was somewhat conflicting.
Such are the material facts as collected from the record, and upon this state of ease the complainant prayed for a correction of the mistakes in the deeds of conveyance, for an injunction against the defendant, Rhoda Rathbone, restraining her from attempting to obtain possession of the premises, under her purchase at sheriff’s sale, and also for general reliefi
Upon hearing the case, the supreme court dismissed the bill at the complainant’s cost, and it is now claimed that this *24 decree of dismissal was not warranted by the facts in the case.
Before proceeding farther, it is proper to say, that this decree is not based upon any facts found by the court, but is general in its terms. Under these circumstances we must of necessity look into all the evidence, as well as into the pleadings, exhibits, and decree — and from such examination the facts already stated have been collected.
The real controversy is between the complainant as purchaser of the premises from Lucius Rathbone, and Rhoda Rathbone, as purchaser of the same premises at sheriff’s sale, under a decree in her own favor against the said Lucius Rathbone. As between the two which has the better equity ? Upon the determination of this point, depends the question, whether the supreme court erred in rendering the decree complained of.
The case shows that in April, 1840, Lucius Rathbone was the rightful owner of the premises, and on the 24th day of that month, he, together with his wife, undertook to convey them to Chaplin Rathbone. The deed, however, was defective, having but one attesting witness, and did not vest in the grantee a legal title. But there can be no doubt that this conveyance, unless impeached, would vest in the grantee a perfect title in equity, leaving nothing in Lucius Rathbone but the naked legal title, which he must have been considered as holding in trust for the equitable owner. There is nothing disclosed in the case to impeach this transaction.
Subsequently, Chaplain Rathbone undertook to re-convey the premises to Lucius. A mistake, however, was made in the deed in substituting the north-east quarter of section 28, for the north-west quarter. Had there been no mistake in this deed, it would have re-invested Lucius with an equitable interest in the land. The legal title had never departed from him. Now it is the peculiar duty of courts of equity to relieve against and correct mistakes in deeds aud other instruments of writing, and to give them the same effect they would have had, had there been no mistake. In the case be *25 fore us there is no controversy as to this mistake; it is admitted. We are bound then to hold that by the conveyance from Chaplin to Lucius Rathbone, all the equity of Chaplin in the land became vested in Lucius, and from that time the latter must be held, in this court, to have been both the legal and equitable owner.
Being such owner, Lucius sold the same land to the complainant, McLouth, and received a valuable consideration therefor. And on the 4th of April, 1842, he undertook to convey the same to the purchaser. But in this deed the same mistake was made as in the previous deed from Chaplin to Lucius Rathbone. The quarter was described as being the north-east whereas in fact it was the north-west. In a court of law, this deed' would not operate to give any title' to the complainant. Not so in equity. The mistake being clearly shown, the deed will be reformed, so as to carry out the intention of the parties. This is done upon the principle that in-a case like the present there is an equity in the purchaser, and which the court will protect and enforce. In the opinion of the court, the complainant, by his purchase of the 4th. of April, acquired a perfect equity in the lands in controversy, as between himself and Lucius Rathbone,'and if anything remained in Lucius it was nothing but a naked legal title.
Now in this state of' case, had Lucius sold and conveyed the same land to a bona fide purchaser, for a valuable consideration, the purchaser being entirely ignorant of these transactions between his vendor and the complainant, such purchaser would have been protected in his purchase. His equity would have been equal to that of the complainant, and he would have had the legal title. But there is a difference between purchasers at a private and at judicial sales. The interest acquired by the latter is only the interest of the judgment debtor in the land. If that be a mere naked legal title, held in trust, the purchaser acquires no more. ;
In the ease before the court the defendant derived title under a sheriff’s sale. The decree under which' the sale' was made, was rendered months after the purchase of com-' *26 plainant, and after the defendant in that decree had parted with all interest'in the land, unless it be the naked legal title. By her purchase, then, she acquired, if anything, nothing more than the naked legal title.
But had she purchased at private sale, and she might have done so after the divorce, she would have been in no better situation. She had full notice of the transaction between the complainant and Lucius. Had it been otherwise, had there been no other actual notice, the original bill in this case was pending at the time of the purchase, and to the bill she was a party defendant. Her assumed ground of defense was fraud in the.sale from her husband to the complainant, but to sustain this defense there was no evidence.
We are clearly of opinion that the complainant was entitled to relief in the case made, and that the court erred in dismissing the bill.

The decree is therefore reversed.